## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

DONALD ROBINSON,                         :
                                         :
          Plaintiff,                     :
                                         :
v.                                       :          CASE NO. 4:11-CV-06-CDL-MSH
                                         :               42 U.S.C. § 1983
UNITED STATES OF AMERICA,                :
                                         :
          Defendants.                    :
_____

## ORDER GRANTING *IN FORMA PAUPERIS* MOTION
## AND RECOMMENDATION OF DISMISSAL

Plaintiff Robinson, presently an inmate at Stewart Detention Center in Lumpkin,

Georgia, filed the instant action pursuant to 42 U.S.C. § 1983. His Complaint is before the

Court for preliminary review under 28 U.S.C. § 1915A. Additionally, Plaintiff's motion to

proceed *in forma pauperis* (ECF No. 2) is presently pending before the Court. For the

reasons discussed below, Plaintiff's motion to proceed *in forma pauperis* ("IFP") is granted.

However, the Court recommends dismissal of Plaintiff's Complaint for failure to state a

claim upon which relief may be granted.

### BACKGROUND

Plaintiff Robinson is currently being held at Stewart Detention Center in Lumpkin,

Georgia. He claims that on September 18, 2000, the government released him from a

"detention center" in San Pedro, California, "without no food are shelter (sic)." (Compl. 5,

ECF No. 1.) Plaintiff claims that this action, releasing him without access to any "services,"

has caused him "physical and mental abuses" and has violated the Fifth, Eighth, and

Fourteenth Amendments. (Compl. 5-6.) Plaintiff therefore seeks payment of $250,000 from the Federal Government as compensation for these alleged damages. (Compl. 6.)

## DISCUSSION

### I. Plaintiff's Motion to Proceed IFP

Along with his Complaint, Plaintiff filed a motion for leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears that Plaintiff is unable to pay the cost of commencing this action, Plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). Plaintiff must pay 20% per month of his prison account until the $350.00 filing fee is paid in full.

In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) per month of Plaintiff's prison account until the $350.00 filing fee is paid in full, provided the amount in the account exceeds $10.00.

## II.      Preliminary Review of Plaintiff's Complaint

### A.      Standard for Preliminary Review

Plaintiff's Complaint is before this court for initial screening pursuant to the provisions of the Prisoner Litigation Reform Act ("PLRA").  As codified at 28 U.S.C. § 1915A, the PLRA provides:

> (a) Screening.– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for Dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

"A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show [that] the plaintiff is not entitled to relief."  *Jones v. Bock*, 549 U.S. 199, 215 (2007).  "If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]" *Id.*

### B.      Plaintiff's Complaint Should be Dismissed

Plaintiff brings this action pursuant to 42 U.S.C. § 1983.  Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for

redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, in order to state a viable § 1983 claim, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978).

Initially, Plaintiff's Complaint should be dismissed because he has failed to allege that he was deprived of any right by a person acting under color of state law. While Plaintiff does generally contend that his constitutional rights were violated, he fails to name a person he claims is responsible for those constitutional deprivations. (Compl. 5.) Plaintiff merely states that the "United States Government of America" is the defendant and that the "government" treated him with deliberate indifference. (Compl. 5.) These general allegations, even if taken as true, fail to state a claim for relief under § 1983.

Furthermore, Plaintiff's claims should be dismissed because they were asserted outside the statute of limitations. Although 42 U.S.C. § 1983 does not contain a statute of limitations, the Supreme Court has held that the state limitation period applicable to personal injury actions should be applied to all actions brought pursuant to 42 U.S.C. § 1983. *Wallace v. Kato*, 549 U.S. 384, 386 (2007). For § 1983 actions arising out of events which occurred in California, the statute of limitations is two years. Cal. Civ. Proc. Code § 335.1. A statute of limitations begins to run when a cause of action accrues—in other words, "when the fact which would support a cause of action are apparent or should be apparent to a person with

4

a reasonably prudent regard for his rights." *Hafez v. Madison*, 348 F. App'x 465, 467 (11th Cir. 2009) (internal quotation marks and citations omitted).

Plaintiff claims that his constitutional rights were violated, and he was injured, on September 18, 2000, when he was released in California. Thus, the two year period for the statute of limitations began to run on September 18, 2000, and ended on September 19, 2002. Plaintiff filed his complaint on January 12, 2011, well over eight years after the statute of limitations expired. Plaintiff's complaint is therefore barred by the applicable statute of limitations. The liberal construction that is granted *pro se* litigants in filing complaints does not mean that they are allowed lack of compliance with deadlines that are imposed by law. *See Moulds v. Bullard*, 345 F. App'x 387, 390 (11th Cir. 2009) ("Liberal construction does not mean liberal deadlines.") (internal quotation marks and citation omitted).

## CONCLUSION

WHEREFORE, IT IS HEREBY **RECOMMENDED** that the current Complaint be **DISMISSED** under 28 U.S.C. § 1915A for Plaintiff's failure to state a claim upon which relief may be granted. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT COURT within FOURTEEN (14) DAYS after being served with a copy hereof.

**SO RECOMMENDED**, this 25th day of January, 2011

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE